Ms. Lynn A. Rice, Recorder/Treasurer City of Greers Ferry P.O. Box 1355 Greers Ferry, Arkansas 72067
Dear Ms. Rice:
I am writing in response to your request, presumably pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on what records you should release in response to a Freedom of Information Act ("FOIA") request. Specifically, you have enclosed a copy of the request, which seeks two things: 1) "information" concerning the re-employment of an acting police chief (the request asks "if his time of re-employment was turned in to the Office of Standards in Little Rock and if not why it wasn't"); and 2) a copy of an accident report involving a patrol car near the east end of the Narrows Bridge and "the cost of the accident." You have enclosed a number of records for my review and ask that I "advise [you] as to what [you] can release."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the decision of the custodian of records as to the release of personnel or evaluation records is consistent with the FOIA. The applicable provision of the Freedom of Information Act, A.C.A. §25-19-105(c)(3)(A) requires the custodian to "determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." (Emphasis added). Subsection (c)(3)(B)(i) authorizes the custodian, requester or the subject of personnel or evaluation records to seek an opinion from the Attorney General as to "whether the decision is consistent with this chapter." (Emphasis added).
In this case, you, as custodian, have not made a determination as to whether any records should be released. I am therefore unable to perform my statutory duty in this regard. I will set out below, however, some discussion of the applicable law, which should aid you in your response to the matter. I suggest you also consult the legal counsel to whom the City normally looks for legal advice to determine how to respond to this request.
As an initial matter, I should note that the FOIA request in this instance, at least in part, appears to seek "information" rather than "records."
The FOIA, of course, applies to records, not to information. There is, accordingly, no obligation under the FOIA to create a new record by compiling or collecting information in the particular format requested by the person seeking access; rather, an agency must simply make available records in its possession. See A.C.A. § 25-19-105 (d)(2)(C) (Repl. 2002); and Ops. Att'y. Gen. 97-077; 93-407; 93-189 and 87-211.
The requester has first asked whether the acting police chief's "time of re-employment was turned in to the Office of Standards in Little Rock and if not why it wasn't." If you, as custodian, have any records that reflect the information the requester seeks, you should provide them, except to the extent they are exempt from disclosure under some provision of the FOIA or other law. If you do not have any records reflecting this information, you are not required by the Arkansas FOIA to create any new record or to answer questions posed by FOIA requesters, such as the one posed concerning if the "time of re-employment" was not turned in to the Office of Standards "why it wasn't."
I do not see any records included within the ones you have enclosed for my review that are specifically responsive to this first item of the FOIA request. You may wish to consult with legal counsel for the City as to which particular records are in fact responsive to the FOIA request. You have enclosed a Commission on Law Enforcement Standards and Training "Personnel Change-in-Status Report" Form F-4, which may be responsive to this request, depending upon other facts outside the record. In my opinion, this document is generally open to inspection under the FOIA, with certain information redacted. See generally, Op. Att'y. Gen.2002-150 (copy enclosed), which discusses these "Form F-4[s]". The social security number appearing on this document, however, must be redacted prior to release. See A.C.A. § 25-19-105(b)(12); and Op. Att'y Gen. No.99-011, citing 5 U.S.C. § 552a (the "Federal Privacy Act").
In addition, although you have enclosed some City of Greers Ferry time sheets in this regard, there is no indication or reflection of whether this information was "turned in to the Office of Standards in Little Rock. . . ." In any event, these time sheets are in my opinion generally open to public inspection and copying, again, with the social security number redacted. See e.g., Op. Att'y. Gen. 2002-238 (stating that under A.C.A. § 25-19-105(b)(12), which exempts personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy, "there would be little privacy interest in time records/sheets," quoting Op. Att'y. Gen. 2002-150).
The second portion of the FOIA request seeks "a copy of [an] accident report" involving a patrol car and "the cost of the accident." As an initial matter, I should note that my statutory duty under A.C.A. §25-19-105(c)(3)(B) to give my opinion to the custodian, requester or subject of records is limited to personnel or employee evaluation or job performance records. A copy of an accident report and records reflecting the cost of an accident involving a city vehicle would not normally fall within this category. I will refer you, however, to several previously issued Attorney General Opinions concluding that accident reports are generally open to public inspection under the FOIA. See Ops. Att'y. Gen.98-061; 97-177; 96-070 and 91-111. Other previously issued opinions indicate that notwithstanding the general availability of such records, certain information contained anywhere therein must be redacted prior to release, including in this instance, driver's license numbers; (see18 U.S.C. § 2721 et seq. [Driver's Privacy Protection Act] (requiring protection of the privacy of driver's license numbers); and the home address and home telephone number of municipal police officers. See Op. Att'y. Gen. 2002-087 and Act 213 of 2003 (passed but not yet effective, shielding the home addresses of non-elected municipal employees).
As to records reflecting the cost of the accident, again, to the extent these records are not personnel or employee evaluation or job performance records, I am not authorized by statute to opine upon their release. I must refer you to the city attorney or other legal counsel for Greers Ferry in order to determine the status of these records. The records should be evaluated bearing in mind the presumption that all records maintained in public offices or by public employees within the scope of their employment are public records. A.C.A. § 25-19-103(5)(A) (Repl. 2002). As such, they are available for inspection and copying under the provisions of A.C.A. § 25-19-105, unless an exemption in the FOIA or other law applies to prevent their release. A.C.A. § 25-19-105(a)(1) (Repl. 2002).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
Enclosure